IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: **08-81281**

NATIONAL GOLF FOUNDATION, INC.,
a Florida non-profit corporation,

    Plaintiff,

v.

AUTOMATED INFO SOLUTIONS, INC.,
a Utah profit corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, NATIONAL GOLF FOUNDATION, INC. ("NGF" or "Plaintiff"), a Florida non-profit corporation, by and through undersigned counsel, hereby brings the following Complaint against AUTOMATED INFO SOLUTIONS, INC. ("AIS" or "Defendant"), a Utah profit corporation, and in support thereof states as follows:

### THE PARTIES & JURISDICTION

1.    This is an action for injunctive relief and damages in an amount within the jurisdiction of this Court.

2.    Plaintiff, NGF, is and was at all relevant times, a Florida non-profit corporation organized and doing business in the state of Florida with its principal place of business at 1150 South U.S. Highway One, Ste. 401, Jupiter, Florida.

3.    AIS is a Utah profit corporation, with its principal place of business at in Orem, Utah, that owns, operates, and/or controls an interactive website at the URL http://www.automated-info-services.com.

4. AIS is subject to personal jurisdiction in Florida pursuant to § 48.193(1), Florida Statutes, since the causes of action set forth below arise from its conduct, either personally or through an agent, of:

> (b) Committing a tortious act within this state.
>
> (f) Causing injury to persons or property within this state arising out of an act or omission by AIS outside this state, if, at or about the time of the injury, either:
>
>> 1. AIS was engaged in solicitation or service activities within this state; or
>>
>> 2. Products, materials, or things processed, serviced, or manufactured by AIS anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

5. AIS is also subject to personal jurisdiction in Florida § 48.193(2), Florida Statutes, since it is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this judicial district.

7. This Court has subject matter jurisdiction over NGF's claims under the Lanham Act and the Copyright Act, pursuant to 28 U.S.C. § 1338(a). This Court also has original and supplemental jurisdiction over the state law claims below pursuant to 28 U.S.C.§ § 1338 (b) and 1367(a) because the state law claims for deceptive and unfair trade practices and misappropriation of trade secrets are joined with substantially related claims under the federal copyright and trademark

laws, and because the state law claims are so related to the federal claims that they form a part of the same case or controversy.

8. Alternatively, this court has original jurisdiction over these claims because the matter in controversy exceeds the value of $75,000.00, and is between citizens of different states pursuant to 28 U.S.C. § 1332(a)(1).

9. All conditions precedent to the bringing of this action have either been performed, waived or excused.

## FACTS COMMON TO ALL COUNTS

10. NGF is an industry leader in providing information and insights on the business of golf. Founded in 1936, NGF provides the most timely and relevant information on the golf industry with original research on every aspect of the business. NGF offers golf-business research, information and consulting services to companies and organizations world-wide, including its 6,000 member companies, which include golf product manufacturers, media and marketing organizations, golf associations, e-businesses, turf product manufacturers, retail stores, and golf and practice facilities.

11. NGF has created and maintains several detailed golf-related databases. These databases include the Business & People Search database for finding the "who's who in the golf world," the Retail Store Search database for information about off-course retail stores, and the "Golf Construction Report" database, which lists newly completed golf courses, courses undergoing construction, and prospective construction.

12. One database that is particularly valuable to NGF is its "Golf Facility and Course

Case 9:08-cv-81281-KAM   Document 1   Entered on FLSD Docket 10/31/2008   Page 4 of 12

*NGF V. AIS*
*Complaint*

Database" (hereinafter "Database"), which is protected by federal copyright laws. The Database is a comprehensive listing of golf courses throughout the United States including carefully selected information related to each specific course. For each golf course listed in the Database, NGF maintains unique information such as whether the course is public or private, contact information, location details, number of tees/holes, yards, slopes, pars, fees, ratings, the name of the course designer, and professional golfers who have played on the courses, among other information. Each category of information is specifically chosen and creatively arranged in order to optimize value and interest. The Database is a creative collection of approximately 500,000 golf courses and is continually being updated for peak accuracy.

13. NGF licenses the Database to a number of licensees including The Weather Channel ("TWC") and The Golf Channel ("TGC"). TWC holds a license to use the Database on its website located at the URL http://www.weather.com, and TGC hold a license to use the Database on its website located at the URL http://www.golflink.com. TWC's website allows users to search for golf courses across the country by entering a zip code or golf course name and supplies the user with information from the licensed NGF Database. TGC offers its website visitors similar functionality using the licensed NGF Database.

14. The Database is a valuable asset of NGF that provides the non-profit organization with significant annual licensing revenue.

15. The Database has been registered with the Library of Congress, Register of Copyrights. Upon receipt of the Certificate of Registration it will be filed with the Court.

16. AIS is in the business of "automating the collection of public data from web sites."

AIS's website identifies one of its partners as Kapow Technologies ("Kapow"), a maker of web scraping and harvesting technology.

17. AIS markets and sells company and business contact information harvested from the internet for an array of businesses (e.g. barber shops, hospitals, sporting goods stores, etc.), professions (e.g. accountants, florists, lawyers, etc.), and public records (e.g. birth/marriage records, criminal records, death/wills records, etc.) throughout the United States.

18. One compiled list of scraped information that AIS markets and sells is its "List of U.S. Golf Courses" which it sells for between $150.00 and $400.00.

19. AIS scraped NGF's copyrighted Database from its licensees' websites without NGF's permission or authority, repackaged the copyrighted Database into a Microsoft Excel spreadsheet, and sold this "palmed off" version to AIS customers across the United States, including in the State of Florida, as its "List of U.S. Golf Courses."

20. AIS is not and has never been a licensee of NGF.

21. NGF retained undersigned counsel and has agreed to pay them a reasonable fee.

### Count I
### Copyright Infringement
### pursuant to 17 U.S.C. §501, et seq.

22. NGF repeats and realleges paragraphs 1 to 21 as if fully set forth herein.

23. NGF is the owner of all right, title and interest in the Database. NGF's rights include all rights under U.S. copyright law, including the exclusive right to distribute the content as it desires.

24. The Database consists of material wholly original to NGF and is copyrightable subject

*NGF V. AIS*
*Complaint*

matter under the law of the United States.

25. Defendant has infringed on NGF's copyright in the Database in violation of 17 U.S.C. § 501, et seq. In doing so, Defendant acted without NGF's permission, license, or consent, and without the permission, sub-license, or consent of NGF's licensees.

26. Defendant acted willfully, intentionally and in total disregard of and with indifference to NGF's rights by willfully and knowingly reproducing, distributing and utilizing for purposes of trade and promotion unauthorized copies of the Database.

27. As a result of Defendants's acts alleged herein, NGF has suffered and is suffering and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation and the dilution of the value of its rights.

28. Defendant's wrongful acts have irreparably harmed NGF and if not enjoined will continue to harm NGF. NGF's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant.

**WHEREFORE**, NGF requests this Court award the following relief:

a. Temporary and permanent injunctive relief preventing Defendant from further infringing NGF's copyright in the Database, pursuant to 17 U.S.C. §502;

b. Actual damages and profits, or statutory damages, pursuant to 17 U.S.C. §504;

c. An accounting from Defendant to permit NGF to determine the amount of profits and other unjust enrichment attributable to Defendant's unlawful acts;

d. Reasonable attorney's fees, costs and expenses of this lawsuit, pursuant to 17 U.S.C. §505; and

e. Such other and further relief as this Court deems just and proper.

## Count II
## False Designation of Origin
## pursuant to the Lanham Act, 15 U.S.C. 1125(a)(1)(A)

29.   NGF repeats and realleges paragraphs 1 to 21 as if fully set forth herein.

30.   Defendant's use in commerce of the NGF Database is likely to cause confusion, mistake and to deceive consumers by suggesting that the Database originates from the Defendant which is false.

31.   The above-described acts of Defendant constitute false designation of origin in violation of 15 U.S.C. §1125(a)(1)(A), entitling NGF to relief.

32.   Defendant has unfairly profited from the actions alleged. By reason of Defendant's acts alleged herein, NGF has suffered monetary damage and loss of control of the goodwill associated with its Database. Defendant's acts have irreparably harmed and if not enjoined will continue to harm NGF.

33.   NGF's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, NGF is entitled to entry of a temporary restraining order against Defendant and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

**WHEREFORE**, NGF requests this Court award the following relief:

a.   Preliminary injunctive relief, and then permanent injunctive relief enjoining Defendant's violations of the Lanham Act 15 U.S.C. § 1125(a);

b.   Compensatory damages;

c.   An accounting from Defendant to determine the amount of profits and other unjust enrichment attributable to its unlawful acts;

d.   Reasonable attorney's fees, costs and expenses of this lawsuit; and

*NGF V. AIS*
*Complaint*

e.  Such other and further relief as this Court deems just and proper.

## Count III
## False Advertising
## pursuant to 15 U.S.C. § 1125(a)(1)(B)

34. NGF repeats and realleges paragraphs 1 to 21 as if fully set forth herein.

35. Defendant's advertising and sale of its database that consists entirely of information illegally culled and copied from the NGF Database misrepresents the nature, characteristics and qualities of Defendant's goods, services and commercial offerings.

36. The acts of the Defendant are designed to unfairly compete with the NGF in the provision of goods and services and to the detriment and confusion of relevant purchasers.

37. The above described acts of Defendant constitute false advertising in violation of 15 U.S.C. § 1125(a)(1)(B) entitling NGF to relief.

38. NGF has been damaged as a direct and proximate result of the actions of the Defendant and NGF is likely to continue to suffer irreparable injury unless Defendant's conduct is preliminarily and then permanently enjoined.

39. Defendant's conduct was engaged in with a wanton, willful or reckless disregard of Plaintiff's rights, justifying an award of exemplary damages.

**WHEREFORE**, NGF requests this Court award the following relief:

a.  Preliminary injunctive relief, and then permanent injunctive relief enjoining Defendant's violations of the Lanham Act 15 U.S.C. § 1125(a);

b.  Compensatory damages;

c.  Enhanced damages per the statute;

d.  An accounting from Defendant to determine the amount of profits and other unjust

    enrichment attributable to its unlawful acts;

e. Reasonable attorney's fees, costs and expenses of this lawsuit; and

f. Such other and further relief as this Court deems just and proper.

### Count IV
### Misappropriation of Trade Secrets pursuant to the
### Uniform Trade Secrets Act, F.S. § 688.001, et seq.

40. NGF repeats and realleges paragraphs 1 to 21 as if fully set forth herein.

41. NGF's Database has economic value in that it is not generally known to the public or to persons who could obtain economic value from its disclosure or use and was, and continues to be, the subject of reasonable efforts to maintain its secrecy.

42. Defendant willfully and maliciously misappropriated the NGF's Database, which is a trade secret, and has improperly used and continues to use such trade secret to unfairly compete with NGF.

43. As a proximate result of Defendant's misappropriation of the Database, NGF has thereby suffered injury to its business and pecuniary loss in a sum yet to be ascertained.

**WHEREFORE**, NGF requests this Court award the following relief:

a. Temporary and permanent injunctive relief pursuant to F.S. 688.003;

b. Compensatory damages;

c. Exemplary damages pursuant to F.S. 688.004;

d. Reasonable attorney's fees, costs and expenses of this lawsuit; and

e. Such other and further relief as this Court deems just and proper.

## Count V
## Deceptive and Unfair Trade Practices Act
## pursuant to F.S.§ 501.201 et seq.

44. NGF repeats and realleges paragraphs 1 to 21 as if fully set forth herein.

45. Defendant has engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade, all of which violate the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statutes § 501.201, et seq.

46. Defendant is unfairly competing with NGF by infringing, promoting, and selling NGF's valuable Database. Defendant deceptively "scraped" the NGF's Database off of the websites of NGF's licensees. Defendant acted without authorization, license, or consent from Plaintiff or from TWC or TGC. Defendant's acts and practices as alleged herein violate FDUTPA, offend public policy, are unethical, oppressive and unscrupulous and are causing NGF substantial unavoidable injury.

47. NGF has invested substantial time, creative effort and money in developing the Database and in keeping it current. Defendant's unauthorized use of the Database constitutes an unfair method of unfair competition and an unconscionable, unfair, and deceptive act.

48. As a direct and proximate cause of Defendant's unfair, unconscionable and deceptive acts or practices, NGF has sustained losses and damages, and is aggrieved. As such, NGF is entitled to an injunction preventing Defendant from continuing to infringe NGF's Database.

**WHEREFORE**, NGF requests this Court award the following relief:

a. A declaratory judgment that the Defendant's conduct violates Fla. Stat. § 501.201, et seq.;

b. Temporary and permanent injunctive relief preventing the Defendant from continuing

*NGF V. AIS*
*Complaint*

    to violate Fla. Stat. § 501.201, et seq.;

c. Compensatory damages;

d. Reasonable attorney's fees, costs and expenses of this lawsuit; and

e. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The NGF demands trial by jury of all issues so triable.

    Respectfully submitted,

    SEIDEN, ALDER, MATTHEWMAN & BLOCH, P.A.
    Attorneys for Plaintiff
    2300 Glades Road, Suite 340 West
    Boca Raton, FL 33431-8534
    Telephone: (561) 416-0170
    Facsimile: (561) 416-0171

    By: _____
    Joel B. Rothman
    Florida Bar No. 98220
    Misha J. Kerr
    Florida Bar No. 39652

W:\1157.001\Pleadings\Complaint revised (sb).wpd

◉JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)    NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**
National Golf Foundation, Inc., a Florida non-profit corporation

**(b)** County of Residence of First Listed Plaintiff  **Palm Beach**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Joel B. Rothman, Esquire
Seiden, Alder, Matthewman & Bloch, P.A.
2300 Glades Road, Suite 340W
Boca Raton, Florida 33431
561-416-0170

**DEFENDANTS**
Automated Info Solutions, Inc., a Utah profit corporation

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

NPB 08cv81281 - Marra/Johnson

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE _____    DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Copyright and Trademark Infringement 17 USC §501
15 USC §1125
LENGTH OF TRIAL via **4** days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD _____
DATE 10/31/08

**FOR OFFICE USE ONLY**
AMOUNT 350   RECEIPT # 989686   IFP _____